# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

MAMA NINA, INC. dba
PADMA'S PLANTATION,

                Plaintiff,

    v.

THE CINCINNATI INSURANCE
COMPANY,

                Defendant.

CASE NO. 1:20-CV-01440-BYP

JUDGE BENITA Y. PEARSON

## JOINT NOTICE OF SUPREME COURT OF OHIO DECISION AND JOINT MOTION TO REOPEN AND DISMISS THE CASE

Plaintiff Mama Nina, Inc. dba Padma's Plantation and Defendant The Cincinnati Insurance Company ("Cincinnati") hereby provide the Court with notice of the decision by the Supreme Court of Ohio in *Neuro-Communication Services, Inc. v. Cincinnati Insurance Co.*, Slip Opinion No. 2022-Ohio-4379, issued on December 12, 2022. A copy of that decision is attached.

On January 29, 2021, this Court granted a stay in this matter pursuant to Cincinnati's unopposed Motion to Stay, based upon the Ohio Supreme Court's acceptance of certified questions in *Neuro-Communication Services, Inc. v. Cincinnati Insurance Co.* ECF Nos. 35 & 34. In granting a stay, this Court stated:

> The certified question in that case [*Neuro-Communication*] is also dispositive in this case, which involves the same Defendant and a similar insurance policy. . . . Accordingly, the Motion (ECF No. 34) is granted. The Court stays the above-captioned matter and administratively closes the case. Beginning sixty (60) days from the date of this Order, the parties shall jointly submit status reports to the Court, to apprise the Court of any relevant developments or settlement, every sixty (60) days. The parties shall notify the Court by written motion when this matter should be reopened.

The Supreme Court's decision in *Neuro-Communication Services, Inc. v. Cincinnati*

Case: 1:20-cv-01440-BYP  Doc #: 52  Filed: 01/10/23  2 of 4.  PageID #: 833

resolves the issues presented in this case in favor of Defendant, holding that "[D]irect physical loss or damage to property does not arise from (1) the general presence of Covid in the community, (2) the presence of Covid on surfaces at a premises, or (3) the presence on a premises of a person infected with Covid." *Neuro* at ¶ 26. The Court further held:

1. "The general presence of Covid in the community and the presence on a premises of a person infected with Covid clearly do not involve any physical alteration of Covered Property." *Id.* ¶ 27;

2. "[R]egardless of whether Covid particles exist on property only temporarily, the mere existence of Covid particles on Covered Property does not involve any physical alteration of the property." *Id.* ¶ 28; and

"[T]he conclusion we reach here is consistent with the clear trend in the law in other jurisdictions." *Id.* ¶ 29.[1]

Shortly following the decision in *Neuro-Communications*, the Sixth Circuit affirmed the dismissal of five cases raising the same issues raised here, stating in each of them:

> We held this case for the Ohio Supreme Court's answer. That court has now interpreted similar policy language to bar coverage in these circumstances—consistent with our own prior answer to this question. *See id.* at *4 (quoting *Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 402 (6th Cir. 2021)). Bound by *Neuro-Communication*, we affirm.

*Brunswick Panini's, LLC v. Zurich American Ins. Co.*, No. 21-3222, 2022 WL 17830725, at *1 (6th Cir. Dec. 21, 2022); *Ceres Enters., LLC v. The Travelers Indem. Co. of America*, No. 21-3232, 2022 WL 17830722, at *1 (6th Cir. Dec. 21, 2022); *Equity Planning Corp. v. Westfield Ins. Co.*,

---

[1] The Supreme Court's ruling in *Neuro-Communications* is in accord with decisions of the Supreme Courts of Iowa, Maryland, Massachusetts, Oklahoma, South Carolina, Washington and Wisconsin and those of all ten federal appeals courts that have addressed the issue to date–which have issued multiple consistent rulings under the substantive law of multiple different states, including multiple Sixth Circuit decisions addressing Ohio law.

No. 21-3229, 2022 WL 17832176, at *1 (6th Cir. Dec. 21, 2022); *Family Tacos, LLC v. Auto-Owners Ins. Co.*, No. 21-3224, 2022 WL 17830762, at *1 (6th Cir. Dec. 21, 2022); *Mikmar, Inc. v. Westfield Ins. Co.*, No. 21-3230, 2022 WL 17832178, at *1 (6th Cir. Dec. 21, 2022).

In light of this ruling, the Parties request and Plaintiff stipulates pursuant to Civ. R. 41 that this Court should issue an Order dismissing this case with prejudice, requiring each party to pay their own costs, attorneys' fees, and expenses.

Respectfully submitted,

/s/ *Stewart D. Roll*
Stewart D. Roll (0038004)
GERTSBURG LICATA CO, LPA
600 E. Granger Road, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 573-6000 Ext. 7008
Facsimile: (216) 920-9998
Email: droll@gertsburglicata.com
Email: sdanl@msn.com

*Attorneys for Plaintiff*

/s/ *Laurence J.W. Tooth*
Laurence J.W. Tooth (#101737)
LITCHFIELD CAVO, LLP
303 West Madison Street, Ste. 300
Chicago, IL 60606
Tel.: (312) 781-6633
Fax: (312) 781-6630

/s/ Paul M. Roche
Paul M. Roche (Bar No. CT423912)
LITCHFIELD CAVO LLP
82 Hopmeadow Street, Suite 210
Simsbury, CT 06089
Phone: 860.413.2713
Email: Roche@LitchfieldCavo.com

/s/ Paul D. Eklund
Paul D. Eklund (Ohio Bar # 0001132)
COLLINS ROCHE UTLEY & GARNER
LLC
875 Westpoint Parkway, Suite 500
Cleveland, Ohio 44145
Phone: 216-916-7730
Fax: 216-916-7725
Email: peklund@cruglaw.com

*Attorney for Defendant*

CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of January 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/    Laurence J.W. Tooth
Laurence J.W. Tooth (#101737)
Litchfield Cavo LLP

Attorney for Defendant,
The Cincinnati Insurance Company
